UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. BANK NATIONAL           )
ASSOCIATION AS TRUSTEE FOR   )
CSMC MORTGAGE-BACKED PASS-   )
THROUGH CERTIFICATES, SERIES )
2006-3,                      )
                             )
    Counterclaim Plaintiff,  )
                             )
        v.                   )      Case No. 16-cv-230
                             )
PETER A. DERNIER and NICOLE  )
H. DERNIER,                  )
                             )
    Counterclaim Defendants. )

## OPINION AND ORDER

Pending before the Court is a series of motions filed by *pro se* counterclaim defendants Peter and Nicole Dernier.  Those motions included a request for the Court to vacate its earlier ruling dismissing the Derniers' Third Amended Complaint, and a motion to dismiss the Counterclaims asserted by U.S. Bank National Association ("U.S. Bank").  U.S. Bank's Counterclaims allege breach of contract, the right to foreclose, and the right to a deficiency judgment.  The Derniers have also filed motions to show cause and for contempt against various parties for allegedly failing to respond to subpoenas *duces tecum*, as well as motions *in limine* to preclude the presentation of certain evidence.  For the reasons set forth below, the pending motions are denied.

## Factual Background

The factual and procedural background of this case has been detailed in the Court's prior orders, and the parties' familiarity with the case background is assumed.  Briefly stated, the Derniers initiated this case claiming irregularities in the transfer of the promissory note and mortgage on their property. Their pleadings asked the Court to quiet title and discharge the mortgage.  They also asserted claims of unjust enrichment, common law fraud, mail fraud, RICO violations, violations of the Fair Debt Collections Practices Act, and violations of the Fair Credit Reporting Act.

U.S. Bank moved for judgment on the pleadings, arguing that a 2016 ratification confirmed the transfer of the promissory note from Mortgage Network, Inc. ("MNI") to U.S. Bank.  In a ruling dated May 8, 2018, the Court granted U.S. Bank's motion, stating that it was "unpersuaded by [the Derniers'] attempt to argue that no entity owns the note and that their mortgage should therefore be completely discharged.  [The Derniers] clearly took out a mortgage to purchase their house."  ECF No. 153 at 10.  The Court further noted that of the two possible owners of the note, one has waived any claim to ownership.  "There is no other entity besides [U.S. Bank] asserting that it owns the note."  ECF No. 153 at 10-11.  All claims against U.S. Bank and its original co-defendants were dismissed with prejudice.

In response to the Derniers' Complaint, U.S. Bank initially

2

filed an Answer and Counterclaim asserting that Peter Dernier has breached the terms of the promissory note.  U.S. Bank later moved to amend its Counterclaim to add causes of action for foreclosure and deficiency judgment.  The Derniers opposed the motion to amend as futile.  The Court determined that amendment would not be futile and granted the motion to amend.

The Derniers now move the Court for relief from the May 8, 2018 Opinion and Order dismissing their claims, and to dismiss U.S. Bank's Counterclaims.  As noted above, the Derniers have also moved for orders to show cause and for contempt against third parties who have allegedly failed to comply with subpoenas *duces tecum*.  Finally, the Derniers have filed a series of motions *in limine*.

## Discussion

### I.   Motion for Relief from Judgment

The Derniers' motion for relief from the May 8, 2018 Opinion and Order cites Federal Rule of Civil Procedure 60.  ECF No. 176. Rule 60 provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding ...."  Fed. R. Civ. P. 60(b).  There has been no final order in this case, as there are Counterclaims still pending.  *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer

3

than all the parties does not end the action as to any of the claims or parties"). Accordingly, Rule 60 is not the proper vehicle for obtaining relief.

Regardless of the applicable rule, it is clear that the Derniers are asking the Court to reconsider its prior ruling. Typically, pursuant to Local Rule 7(c), a motion for reconsideration must be filed within 14 days of the ruling being challenged. Here, the Derniers filed their motion nearly two years after the Court docketed its Opinion and Order. Nonetheless, given their *pro se* status and their reliance upon newly-discovered evidence, the Court will consider the motion. *See Tang v. Visnauskas*, No. 19-CV-508 (PKC) (PK), 2019 WL 6716741, at *1 (E.D.N.Y. Dec. 10, 2019) ("Although filed after the 14-day period provided for under Local Rule 6.3, given Plaintiff's *pro se* status, the Court has considered . . . [Plaintiff's] motion[.]"

"A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). This standard is "strict," and "reconsideration will generally be

denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citing the legal standard under Federal Rule of Civil Procedure 59).

Here, the Derniers claim to have new evidence supporting their Third Amended Complaint.  That evidence reportedly confirms that the promissory note was delivered by MNI to Select Portfolio Service, Inc. ("SPS") in November 2005.  The evidence also includes 2015 correspondence between counsel for Wells Fargo Bank (as servicer for U.S. Bank) and counsel for MNI about the Derniers' allegations, with a demand by Wells Fargo/U.S. Bank for payment and indemnification.  It is unclear whether the demand was ever withdrawn.  It is clear, however, that MNI provided a ratification in 2016, confirming that it was fully compensated and was not claiming any rights in the promissory note.

The Derniers now argue that the communications between counsel show that MNI did not sell the note to Wells Fargo or U.S. Bank.  They also contend that the 2016 ratification was invalid because MNI delivered the note to SPS in 2005.  These

arguments echo the claims asserted by the Derniers in their opposition to U.S. Bank's motion to dismiss.  Specifically, the Derniers argued that the ratification was invalid without evidence of a payment by U.S. Bank, and that a prior endorsement stamp had been forged.  The Court reviewed those arguments and, for the reasons set forth in its Opinion and Order, found that the Derniers' Third Amended Complaint failed to state a plausible claim for relief.  Pursuant to the exacting standard for reconsideration cited above, the Court sees no reason to reconsider that ruling in light of the Derniers' latest evidence.  Accordingly, the motion for reconsideration (ECF No. 176) is denied.

## II.  Motion to Dismiss Counterclaims

The Derniers also move to dismiss U.S. Bank's Counterclaims. ECF Nos. 168, 172.  Their first argument in support of dismissal is that U.S. Bank's servicer accelerated the promissory note in 2010, and that the statute of limitations for bringing a foreclosure action has since expired.  Under Vermont law, "enforcement of a mortgage is an action in land with a fifteen-year statute of limitations." *Huntington v. McCarty*, 174 Vt. 69, 70 (2002) (citing 12 V.S.A. § 502).  Even if the limitations period on enforcing the underlying note has expired, "[t]he mortgage is enforceable beyond the barring of the note because . . . the statute of limitations bars the remedy alone on

6

the note, and not the underlying debt." *Id.* at 72.   The
foreclosure action is, therefore, still timely.

The Derniers further contend that after the Court granted
leave to amend the Counterclaim, U.S. Bank failed to do so within
a reasonable time and has therefore committed "willful
noncompliance."  The Court's order granting leave to amend did
not set a deadline for filing an amended pleading.  Accordingly,
there was no willful noncompliance with a Court order.

The Derniers next assert bad faith.  Specifically, they
claim that U.S. Bank has initiated a separate foreclosure
proceeding in state court.  The Court previously held that U.S.
Bank has a plausible foreclosure claim, and nothing in the
Court's ruling barred a state foreclosure action.

In their most recent motion to dismiss, the Derniers argue
that certain documents have been forged.  As the Court explained
previously, U.S. Bank's factual allegations, including the
assertion of a valid ratification, must be accepted as true at
this stage in the case.  Consequently, arguments for dismissal
premised upon claims of forgery and fraud will not be considered
at this time.

Finally, the Derniers move to dismiss on the ground that
U.S. Bank has failed to state a claim for which relief can be
granted.  For the reasons asserted by the Court in its prior
rulings, U.S. Bank has stated plausible claims for relief.  The

7

motions to dismiss U.S. Bank's Counterclaims (ECF Nos. 168, 172) are therefore denied.

## III. Motions for Orders to Show Cause and for Contempt

The Derniers have filed several motions to show cause and for contempt related to subpoenas issued to third parties. Two of the subpoenas were issued to loan servicers SPS and Specialized Loan Services ("SLS"). Those subpoenas request documents related to the Derniers' promissory note and mortgage as well as the loan servicing history. Another subpoena, submitted to Vermont law firm Downs Rachlin Martin ("DRM"), seeks loan information and any relevant retainer agreements with Wells Fargo. A fourth subpoena addressed to K&L Gates, LLP also seeks loan documents and retainer agreements. Only SLS has responded.

Beginning with the subpoena issued to DRM, the only service appears to have been by certified mail. Rule 45 of the Federal Rules of Civil Procedure states that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45. Several courts have interpreted this language as requiring personal service. *See e.g., King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (noting that "the majority of cases seem to agree that service under Rule 45 of the Federal Rules of Civil Procedure must be done in person"); 9A Charles Alan Wright et al., Fed. Prac. and Proc. § 2454 (3d ed. 2017) ("[t]he longstanding interpretation of Rule 45 has been that

8

personal service of subpoenas is required"). Some courts have held that leave may be granted for service by alternate means, but in such cases "courts typically require the serving party to . . . demonstrate a prior diligent attempt to personally serve." *Kenyon v. Simon & Schuster, Inc.*, No. 16 MISC. 327 (P1), 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016). Here, the Derniers have not received leave to serve by mail, and have not shown efforts to personally serve DRM. Their motion with respect to DRM (ECF No. 177) is therefore denied without prejudice.

As to K&L Gates and SPS, in addition to a lack of personal service, there is an issue with respect to the geographic reach of the subpoena. Rule 45(c)(2)(A) states that a subpoena can require "production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business." K&L Gates is located in Boston, Massachusetts. A subpoena was mailed to SPS in Utah. The subpoenas require production of documents at the Derniers' home in Weston, Vermont. The Court takes judicial notice of the fact that Boston and Utah are over 100 miles from Weston. The motion to show cause and for contempt with respect to K&L Gates (ECF No. 188) and SPS (ECF No. 181) is denied without prejudice.

SLS, as U.S. Bank's loan servicer and through counsel for U.S. Bank, has opposed the Derniers' motion. SLS contends that the requests set forth by the Derniers are unreasonable, unduly

burdensome, and harassing.  The subpoena issued to SLS makes eight production requests.  Most of the requests concern the transfer of loan servicing duties.  The Derniers also request production of any cover letters accompanying the transfer.  SLS first submits, without explanation, that "[a] significant portion of the requested documentation cannot possibly exist."  ECF No. 185 at 4.  SLS later contends that "[i]t is not [SLS's] responsibility to attempt to produce potentially thousands of documents in order to allow Dernier a chance to ransack its files."  *Id.*  SLS has not moved to quash, and there is no indication in the record that counsel provided the Derniers with any written objections.  *See* Fed. R. Civ. P. 45(d)(2)(B).

The Court will not hold SLS in contempt at this time.  SLS implicitly confirms that it has been served with the subpoena, and its objections are substantive.  Counsel for U.S. Bank, who also appears to represent SLS, shall confer with the Derniers to try to reach agreement as to a reasonable document production. If no agreement is reached, SLS may file a motion to quash within 14 days of the date of this Opinion and Order.  The current motion to show cause and for contempt (ECF No. 179) is denied without prejudice.

## IV.  Motions *In Limine*

Finally, the Derniers have filed a series of motions *in limine*, asking the Court to bar the presentation of certain

10

evidence.  The motions are effectively a request for sanctions
arising out of the alleged failures by DRM, SPS, SLS, and K&L
Gates to respond to subpoenas.  For reasons discussed above, no
sanctions are warranted at this time.  Moreover, the motions *in
limine* are premature.  *See, e.g., Jones v. Harris*, 665 F. Supp.
2d 384, 404 (S.D.N.Y. 2009) (denying a motion *in limine* without
prejudice as premature because "*[i]n limine* motions deal with
evidentiary matters and are not to be filed until the eve of
trial").  The motions *in limine* (ECF Nos. 178, 180, 182, 189) are
denied.

<u>**Conclusion**</u>

For the reasons set forth above, the pending motion to set
aside judgment (ECF No. 176), motions to dismiss (ECF Nos. 168,
172), motions for an order to show cause and for contempt (ECF
Nos. 177, 179, 181, 188), and motions *in limine* (ECF Nos. 178,
180, 182, 189) are denied.  The pending motion to strike a sur-
reply memorandum (ECF No. 192) is also denied.

DATED at Burlington, in the District of Vermont, this 9th
day of July, 2020.


<u>/s/ William K. Sessions III</u>
William K. Sessions III
U.S. District Court Judge