```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT

U.S. BANK NATIONAL            )
ASSOCIATION AS TRUSTEE FOR    )
CSMC MORTGAGE-BACKED PASS-    )
THROUGH CERTIFICATES, SERIES  )
2006-3,                       )
                              )
     Counterclaim Plaintiff,  )
                              )
          v.                  )    Case No. 2:16-cv-230
                              )
PETER A. DERNIER and NICOLE   )
H. DERNIER,                   )
                              )
     Counterclaim Defendants. )
```

## OPINION AND ORDER

Pending before the Court is a motion filed by counterclaim defendants Peter and Nicole Dernier to set aside the Court's ruling, issued over two years ago, dismissing their Third Amended Complaint.  This is the second such motion filed by the Derniers. For the reasons set forth below, the second motion for relief from judgment is **denied**.

## Factual Background

The Derniers initiated this case claiming irregularities in the transfer of a promissory note and mortgage.  Their pleadings asked the Court to quiet title and discharge the mortgage.  They asserted other claims as well, including unjust enrichment and violations of the Fair Credit Reporting Act.

U.S. Bank moved for judgment on the pleadings, arguing that a 2016 ratification confirmed the transfer of the promissory note

to U.S. Bank.  In a ruling dated May 8, 2018, the Court granted U.S. Bank's motion, stating that it was "unpersuaded by [the Derniers'] attempt to argue that no entity owns the note and that their mortgage should therefore be completely discharged.  [The Derniers] clearly took out a mortgage to purchase their house."  ECF No. 153 at 10.  The Court further noted that of the two possible owners of the note, one has waived any claim to ownership.  "There is no other entity besides [U.S. Bank] asserting that it owns the note."  Id. at 10-11.  All claims against U.S. Bank and its original co-defendants were dismissed with prejudice.

On March 13, 2020, the Derniers filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b), claiming that new evidence entitled them to reconsideration of the Court's ruling.  ECF No. 176.  The Court denied the motion, concluding in relevant part that (1) Rule 60(b) was not the proper vehicle for relief, (2) the request for reconsideration of the Court's ruling was untimely, and (3) the Derniers were not entitled to relief on the merits.  ECF No. 194.  The Derniers have now filed a second motion for relief from the Court's May 8, 2018 ruling.

## Discussion

The Derniers' most recent motion again cites Federal Rule of Civil Procedure 60, as well as Rule 59.  For reasons discussed by the Court previously, Rule 60 is not an appropriate vehicle for

relief.  Furthermore, a motion to reconsider a two-year old Opinion and Order is untimely.  See Fed. R. Civ. P. 59(e); Local Rule 7(c).  Even assuming timeliness, however, the motion is without merit.

"A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  This standard is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The instant motion argues that counsel for U.S. Bank committed a fraud upon the Court, and that dismissal of the Derniers' pleading was therefore void.  The alleged fraud pertains to the validity of the ratification.  The Derniers have asserted fraudulent ratification arguments in prior filings.  *See, e.g.,* ECF No. 176 at 7-8.  While their most recent motion was reportedly based on new evidence, the Court did not find the submissions persuasive.

It is well established that a motion for reconsideration "is

not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citing the legal standard under Federal Rule of Civil Procedure 59).  Here, the Derniers are presenting arguments that the Court has previously rejected.  Framing those issues as products of attorney misconduct does not heighten the merits of their claims.  Accordingly, even upon reconsideration, no relief is due.

## Conclusion

For the reasons set forth above, the Derniers' second motion for relief from judgment (ECF No. 195) is **denied.**

DATED at Burlington, in the District of Vermont, this 16th day of October, 2020.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge