UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-3, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> PETER A. DERNIER and NICOLE H. DERNIER, <br><br> Counterclaim Defendants. | Case No. 2:16-cv-230 |

## OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by Counterclaim Plaintiff U.S. Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-3 ("U.S. Bank"), in which U.S. Bank requests judgment as a matter of law on its Amended Counterclaim. ECF No. 211. Relief sought by U.S. Bank includes an order of foreclosure by sale. Counterclaim Defendants Peter and Nicole Dernier, currently representing themselves, have filed a cross-motion for summary judgment arguing in part that the statute of limitations to enforce their promissory note expired prior to U.S. Bank's initial Counterclaim. ECF No. 225. Also before the Court is

the Derniers' motion to dismiss for failure to meet a show cause deadline.  ECF No. 216.

For the reasons set forth below, the Derniers' motion to dismiss is denied, U.S. Bank's motion for summary judgment is granted in part and denied in part, and the Derniers' cross-motion for summary judgment is granted in part and denied in part.

## Background

The factual and procedural history of this case has been detailed in the Court's prior orders, and the parties' familiarity with those facts is assumed.  Briefly stated, the Derniers filed a state court Complaint in 2011 claiming irregularities in the transfer of the promissory note and mortgage on their property.  ECF No. 6.  Their pleadings asked the Court to quiet title and discharge the mortgage.  *Id.*  In their Third Amended Complaint, the Derniers further alleged unjust enrichment, common law fraud, mail fraud, RICO violations, violations of the Fair Debt Collections Practices Act, violations of the Fair Credit Reporting Act, and conspiracy.  ECF No. 111-5.

U.S. Bank removed the case from state court and filed a motion for judgment on the Derniers' pleadings, arguing that a 2016 ratification confirmed the transfer of the promissory note from Mortgage Network, Inc. ("MNI").  ECF No. 147.  In a ruling

dated May 8, 2018, the Court granted U.S. Bank's motion, stating that it was "unpersuaded by [the Derniers'] attempt to argue that no entity owns the note and that their mortgage should therefore be completely discharged. [The Derniers] clearly took out a mortgage to purchase their house." ECF No. 153 at 10. The Court further noted that of the two possible owners of the note, one had waived any claim to ownership. "There is no other entity besides [U.S. Bank] asserting that it owns the note. MNI's ratification of the transfer of the note from MNI to [U.S. Bank] renders each of [the Derniers'] claims implausible." ECF No. 153 at 10-11. All claims against U.S. Bank and its original co-defendants were dismissed with prejudice.

On August 29, 2016, U.S. Bank filed an Answer and Counterclaim asserting that Peter Dernier had breached the terms of the promissory note. ECF No. 4. U.S. Bank later moved to amend its Counterclaim to assert causes of action to quiet title, for foreclosure of real property, and for a deficiency judgment. ECF No. 171. U.S. Bank now moves for summary judgment on those causes of action.

The Derniers have filed a cross-motion for summary judgment, arguing that the note was accelerated in April 2010, the limitations period for enforcing the note expired six years later, and U.S. Bank's initial counterclaim, filed in August 2016, was untimely. The Derniers also argue that in 2005 the

mortgage was assigned to a party that is not U.S. Bank; that the entity receiving the mortgage was never registered as a trust with the Securities and Exchange Commission; and that the expiration of the statute of limitations denied U.S. Bank standing to bring its Counterclaim and Amended Counterclaim. Finally, the Derniers have moved to dismiss the case based upon U.S. Bank's alleged failure to satisfy a show cause deadline.

## Discussion

### I. Motion to Dismiss

The first motion before the Court is the Derniers' motion to dismiss U.S. Bank's counterclaims for failure to comply with an order of the Court. On March 2, 2023, after a period of delay on the docket that included the Covid-19 pandemic, the Court ordered U.S. Bank to show cause on or before March 16, 2023 why the case should not be dismissed for lack of prosecution. ECF No. 205. On March 16, 2023, U.S. Bank timely moved the Court for an enlargement of time to April 13, 2023 in which to file its motion for judgment, explaining that counsel was waiting for executed affidavits of the amounts due and owing. ECF No. 206. The Court granted the motion as unopposed. ECF No. 207.

The Derniers filed their motion to dismiss on April 17, 2023, noting that the April 13 deadline had passed. ECF No. 208. That same day, counsel for U.S. Bank informed the Court

4

that she had been away from the office due to a family medical issue involving her son, and requested until April 24, 2023 to file the motion for judgment. ECF No. 209. The Court granted counsel's request. ECF No. 214. On April 17, 2023, one week prior to the Court-imposed deadline, U.S. Bank filed its motion for summary judgment. ECF No. 211.

Although the Derniers' motion to dismiss does not identify a governing rule, Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b); *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). Here, U.S. Bank satisfied the Court's initial show cause order by timely filing a motion for extension of time. U.S. Bank next demonstrated good cause for a further extension, citing counsel's family medical situation. U.S. Bank then timely filed its motion for summary judgment. Given that factual record, the Court finds no basis for dismissal, and the Derniers' motion to dismiss for failure to prosecute is denied.

**II.  Cross-Motions for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the

5

nonmoving party," while a fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

To survive summary judgment, a nonmovant must do "more than simply show that there is some metaphysical doubt as to the material facts."  *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  They must instead "offer some hard evidence showing that [their] version of the events is not wholly fanciful."  *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).  In cases involving cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration."  *Coutard v. Mun. Credit Union*, 848 F.3d 102, 114 (2d Cir. 2017) (quoting *Schwabenbauer v. Bd. of Educ.*, 667 F.2d 305, 314 (2d Cir. 1981)).

Throughout this case, the Derniers have asserted a series of challenges to U.S. Bank's ability to enforce the note and mortgage.  U.S. Bank's pending motion for summary judgment addresses one of those challenges: the Derniers' argument that

6

U.S. Bank cannot enforce the note as successor in interest to Kittredge Mortgage Corporation. U.S. Bank's contention is that under Section 3-301 of the Uniform Commercial Code, it may enforce the note as either the "holder" or the "owner" of the instrument, and that it need not qualify as both. *See* ECF No. 211-3 (citing 9A V.S.A. § 3-203, cmt. 1 (the "right to enforce an instrument and ownership of an instrument are two different concepts")).

Questions of whether U.S. Bank is the "holder" or "owner" of the note have been addressed in previous Court rulings. The dispute focuses primarily upon the validity of the assignment to U.S. Bank. As discussed above, that assignment has since been ratified, the transferor acknowledged that it was fully compensated, and the Court dismissed the Derniers' causes of action against U.S. Bank in light of that ratification. ECF No. 153 at 10-11, 13.

In support of its motion for summary judgment, U.S. Bank has submitted the affidavit of Steven B. Ross, an employee of Specialized Loan Servicing LLC ("SLS"). SLS is the servicer for the Derniers' loan. The Ross affidavit states that U.S. Bank, "directly or through an agent, has possession of the promissory note. The promissory note has been duly endorsed in blank. [U.S. Bank] is assignee of the security instrument for the

7

subject loan." ECF No. 211-5 at 2.[1]  Mr. Ross also attests that the loan is in default and that as March 28, 2023, the outstanding balance was $330,734.78.

The Derniers oppose the summary judgment motion and have filed their own cross-motion, relying in part upon new evidence to argue that the trust named by U.S. Bank was never registered with the Securities and Exchange Commission ("SEC").  The Amended Counterclaim identifies the trust as "Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-3."  ECF No. 171 at 1.  A communication from the SEC confirmed that it has no registration for an entity with that precise name, but that it does have a registration number for "CSMC Mortgage-Backed Trust Series 2006-3," ECF No. 232-5 at 2.  The Derniers view the registered entity as different from the trust in this case.  ECF No. 232 at 3.

Notwithstanding the name differences, registration of a trust has no relevance to the validity of the debt.  "Whether a mortgage-backed security trust is registered with the SEC has nothing at all to do with its legal existence, and de-registering the Trust does not terminate the Trust's existence."

---

[1]  Ross's sworn statements refer to the party seeking to foreclose as the "Plaintiff."  The caption of the affidavit, however, names Peter Dernier as the Plaintiff.  The affidavit's references to "Plaintiff" clearly intend to apply to U.S. Bank, the Counterclaim Plaintiff, and not Mr. Dernier.

*Tucker v. Charles Schwab Bank*, No. 12-CV-3399, 2013 WL 1337329, at *2 (N.D. Ill. Mar. 29, 2013) (dismissing allegation that trust was dissolved as "specious"). Accordingly, even assuming the entity registered with the SEC is not the trust at issue in this case, lack of registration does not undermine U.S. Bank's claims.

The Derniers also argue that U.S. Bank's Counterclaim was untimely. The general statute of limitations for bringing a civil action in Vermont is six years. *See* 12 V.S.A. § 511. The record indicates that the Derniers defaulted on the mortgage in early 2010, and their loan was accelerated on or about April 20, 2010. ECF No. 232-3. On August 22, 2016, U.S. Bank filed its Counterclaim asserting breach of contract. ECF No. 4. U.S. Bank moved for leave to file its Amended Counterclaim seeking foreclosure on September 3, 2018. ECF No. 156. Because the foreclosure action was commenced more than six years after the note acceleration, the Derniers argue that U.S. Bank cannot foreclose.

U.S. Bank responds that the six-year limitations period applies only to *in personam* actions, including an action for a deficiency judgment. A foreclosure action, as an *in rem* action, is governed by a 15-year statute of limitations. *See Huntington v. McCarty*, 174 Vt. 69, 70 (2002). As the Vermont Supreme Court explained in *Huntington*, a "promissory note and a mortgage are

9

individually governed by different statutes of limitations — the enforcement of a note is a civil action with a six-year statute of limitations, 12 V.S.A. § 511, whereas enforcement of a mortgage is an action in land with a fifteen-year statute of limitations.  12 V.S.A. § 502."  *Id.*  The *Huntington* court held that although the mortgagee had failed to bring an action on the note within six years, "[t]he mortgage is enforceable beyond the barring of the note because ... the statute of limitations bars the remedy alone on the note, and not the underlying debt."  *Id.* at 72.  U.S. Bank thus contends, and the Court agrees, that even if the action on the note is untimely, U.S. Bank may continue to pursue its remedies with respect to the mortgage.

U.S. Bank also argues, without legal citation, that the relevant event for stopping the limitations clock was not the filing of the Counterclaim in 2016, but rather the date of the Derniers' initial Complaint in 2011.  The case law does not support this contention.  In *Estate of Alden v. Dee*, for example, the Vermont Supreme Court analyzed the statute of limitations based upon the date the defendants filed their counterclaim, and not upon the date on which the case was commenced.  2011 VT 64, ¶¶ 2, 20; *see also Perkins v. Euro-Dec., Inc.*, No. 2010-095, 2010 WL 7791744, at *3 (Vt. Aug. 20, 2010) ("Defendant acknowledges that the statute of limitations for such claims is six years, and that six years had plainly passed

10

by the time the counterclaim was filed.").[2]  Accordingly, the Court finds that U.S. Bank's action on the promissory note was not timely, and the Derniers are entitled to judgment as a matter of law on the note.[3]

The Derniers' remaining arguments pertain to the assignment of the note and mortgage.  Those issues were previously resolved by the Court at the pleadings stage.  The assignment was ratified, and the Court has before it an affidavit swearing that U.S. Bank is the "assignee of the security instrument for the subject loan."  ECF No. 211-5 at 2.  Moreover, the Vermont Supreme Court has held that "a plaintiff to whom a promissory note or mortgage was not originally issued need not prove chain of title to enforce a personal guaranty of these principal

---

[2] One treatise has noted that "if plaintiff institutes an action one day before the applicable statute of limitations has run on defendant's counterclaim, then defendant, although not able to interpose the claim in the form of a counterclaim before the end of the limitations period, will be permitted to assert the claim, if it is compulsory, within the time provided by Rule 12(a) for serving a responsive pleading." Wright & Miller, Compulsory Counterclaims—Statute of Limitations, 6 Fed. Prac. & Proc. Civ. § 1419 (3d ed.).  That rule would not apply here, as U.S. Bank filed its counterclaim six years after the Derniers filed their Complaint.

[3] The Derniers claim that because the promissory note is barred as untimely, U.S. Bank had no standing to file its initial Counterclaim for breach of contract.  They also argue that U.S. Bank's alleged lack of standing at the outset prevented it from amending its Counterclaim.  The Court disagrees, as U.S. Bank was entitled to bring an action on the underlying debt at any time prior to the expiration of the 15-year statute of limitations.

obligations." *Wells Fargo Bank Minnesota, N.A. v. Rouleau*, 2012 VT 19, ¶ 11 (rejecting claims that enforcement is barred because "Wells Fargo cannot prove that it was assigned the note and mortgage").  U.S. Bank is therefore entitled to summary judgment on the mortgage.

## Conclusion

For the reasons set forth above, the Derniers' motion to dismiss (ECF No. 208) is denied.  U.S. Bank's motion for summary judgment (ECF No. 211) is denied with respect to the promissory note, and is otherwise granted.  The Derniers' cross-motion for summary judgment (ECF No. 225) is, correspondingly, granted with respect to the promissory note and otherwise denied.  U.S. Bank shall submit to the Court a proposed Judgment of Foreclosure within 30 days of this Opinion and Order.

DATED at Burlington, in the District of Vermont, this 8th day of March, 2024.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge